OPINION
{¶ 1} The defendant-appellant, Howard Reid Foust (hereinafter "Reid"), appeals the October 29, 2004 judgment entry of divorce.
 {¶ 2} Reid and the plaintiff-appellee, Ida Rebecca Foust (hereinafter "Becky"), were married on September 28, 1994. Becky subsequently filed for divorce on October 17, 2003. A hearing was held on September 21, 2004 to determine the division of property, and the trial court, in its October 29, 2004 judgment entry divided the marital property. As part of its judgment entry, the trial court awarded Reid the real estate at 128 Riley Street[1] (hereinafter "Riley Street") in Bluffton, Ohio. The trial court ordered Reid to pay Becky $23,549.50 in order to equalize the distribution of the Riley Street property.
 {¶ 3} The facts surrounding the Riley Street property are as follows: Reid received the Riley Street property through his first divorce in early 1994. As part of his first divorce, Reid's ex-wife received $4000 in equity and Reid received the Riley Street property. As a result, when Reid and Becky were married, there was no equity in the property, but the property remained solely in Reid's name until the house was paid off in 1999.
 {¶ 4} Reid and Becky initially lived at the Riley Street property for one year before moving into a house located on Main Street in Bluffton, Ohio. From approximately 1995 until Becky filed for divorce in 2003, the Riley Street property served as a rental property. In 1999, Becky and Reid refinanced their Main Street residence and paid off the balance owed on the Riley Street property. Moreover, prior to the divorce, both Becky and Reid had the Riley Street property remodeled, which included, among other things, installing new vinyl siding, windows, carpet, paint, and lighting, as well as a new bathroom.[2]
 {¶ 5} It is from the trial court's judgment over the Riley Street property that Reid appeals alleging one assignment of error.
 Assignment of Error The trial court erred and abused its discretion in its ruling hereinwhen it determined the real estate located at riley street, village ofbluffton, allen county, ohio is marital property pursuant to orc §3105.17.1(A)(3)(a) and not separate property of the defendant-appellantpursuant to orc § 3105.17.1(A)(6)(a)(ii) and as much the trial courtruling thereon was against the manifest weight of the evidence.
 {¶ 6} As a threshold matter, we summarily reject Becky's argument that Reid's appeal is untimely pursuant to App.R.4. We note that the court's final appealable order was issued on October 29, 2004 and Reid filed his appeal on November 19, 2004, which is within the thirty days allotted.
 {¶ 7} R.C. 3105.171(A)(3)(a)(iii) states that "`[m]arital property' means . . . all income and appreciation on separate property, due to labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." Furthermore, R.C. 3105.171(A)(6)(a)(ii) states that "`[s]eparate property' means all real and personal property and any interest in real or personal property that . . . was acquired by one spouse prior to the date of marriage." When a trial court determines what is deemed "separate property" and "marital property," the court "shall disburse a spouse's separate property to that spouse." R.C.3105.171(D).
 {¶ 8} When determining whether a trial court correctly classified property as marital or separate, the standard of review is whether that classification is against the manifest weight of the evidence.Welsh-Pojman v. Pojman, 3rd Dist. No. 3-03-12, 2003-Ohio-6708, at ¶ 10. "A judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the trial court's judgment is supported by some competent, credible evidence." Id.
 {¶ 9} In Welsh-Pojman, we stated:
In Ohio, separate property does not become marital property simplybecause one spouse contributed to an appreciation of the property.Therefore, [the husband] cannot be automatically awarded half of thevalue of the marital residence. However, where either or both spousesexpend time and effort in improvements, both spouses are entitled toshare in the appreciation on the separate property, as the appreciationis marital property. Id. at ¶ 16 (internal citations omitted).
 {¶ 10} In the case sub judice, both Becky and Reid testified that at the onset of the marriage, there was no equity acquired on the Riley Street address. Furthermore, the record reflects that after the Fousts refinanced their primary residence, they used the additional money to pay off the balance of the Riley Street mortgage, in the approximate amount of $23,738.48. Finally, Becky testified that she assisted in remodeling the Riley Street property by adding new vinyl siding, windows, carpet, paint, and lighting, as well as a new bathroom.
 {¶ 11} Based on the evidence presented, we conclude that the trial court's decision that the Riley Street property was marital property is supported by competent and credible evidence. Initially, we note that while Reid did receive the property prior to his marriage to Becky, there was no equity in the property. When the Fousts refinanced their marital residence on Main Street, they used additional money from the refinancing to pay off the Riley Street mortgage. Furthermore, the Riley Street property was remodeled and improved using the funds acquired by the marriage. Accordingly, the possible income and appreciation of the Riley Street property, which is no longer encumbered due to the labor and monetary contributions of both Reid and Becky, could be subject to distribution pursuant to R.C. 3105.171.
 {¶ 12} In sum, because the trial court's decision to classify the Riley Street property as marital property is supported by competent and credible evidence, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.
[1] The trial court refers to the address as 128 Riley Street; however, the record reflects that the address is 127 Riley Street.
[2] Becky testifed that all the new improvements were paid for by the money that she brought into the marriage through the sale of her car. A review of the financial records indicates that the money cannot be traced to any particular source.